1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CITY OF LOS ANGELES, ACTING BY AND THROUGH ITS BOARD OF HARBOR COMMISSIONERS, <br><br>     Plaintiff, <br><br>     v. <br><br>BAE SYSTEMS SAN DIEGO SHIP REPAIR INC., a California corporation; the UNITED STATES DEPARTMENT OF THE NAVY; and DOES 1 thru 10, Inclusive, <br><br>     Defendants. <br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | CASE NO. 13-CV-8810-CBM (AGRx) <br><br> **STIPULATED PROTECTIVE ORDER** |
|---|---|

WHEREAS, the City of Los Angeles ("City"), United States Department of the Navy ("Navy"), and BAE Systems San Diego Ship Repair, Inc. ("BAE Systems"), (collectively, the "Parties" and individually, a "Party"), believe that discovery in this action may involve production of documents or information that are or contain sensitive, confidential, financial, and/or proprietary information for competitive and other business-related reasons, including trade secrets, that warrants special protection from public disclosure and from use for any purpose other than prosecuting or defending this action; and

WHEREAS, certain Parties wish to preserve the confidential nature of such information and wish to ensure that no sensitive, confidential, financial and/or proprietary information is improperly used, disclosed, or disseminated during the course of this litigation; and

WHEREAS, it appearing to the Court that the Parties hereto have stipulated that discovery in this action may require the disclosure of information and documents and require testimony which one or more of the Parties may properly claim to be confidential; and

WHEREAS, it further appearing to the Court that certain Parties hereto are desirous of controlling the disclosure of said information during the discovery and trial of this case;

It is hereby **ORDERED** that the Protective Order set forth below be granted.

## PROTECTIVE ORDER

It is hereby **FURTHER ORDERED** as follows:

1. "This Litigation" means the case of *City of Los Angeles v. BAE Systems San Diego Ship Repair Inc., et al.,* Case No. 13-CV-8810-CBM (AGRx) filed in the United States District Court, Central District of California and any related cross-actions.

2. In this Litigation, counsel for any party or nonparty producing or furnishing information of any nature ("Producing Party") to another party

1  ("Receiving Party") may designate as "Protected" in accordance with the
2  procedures set forth herein, any non-public document or part thereof or any
3  deposition testimony or any discovery response, including, without limitation,
4  information contained therein, that such counsel believes in good faith to contain or
5  reflect information subject to protection pursuant to Fed. R. Civ. P. 26(c)(1) or
6  other applicable statute or regulation ("Protected Information"). Such designation
7  shall be made at the time the information is produced or furnished, or at a later time
8  as provided herein. Any party may, at any time, request that a "Protected"
9  designation be removed. If the Producing Party objects to the removal of the
10 designation, it must seek relief from the Court pursuant to Paragraph 12 herein.

11     3.    Protected Information may include, but is not limited to, information
12 which has not previously been made public and: (a) concerns or relates to contracts
13 relating to the construction, repair, maintenance or demolition of ships, structures or
14 other infrastructure on or adjacent to the "Site" (as defined in the Complaint in this
15 action); (b) relates to the purchases, sales, transfers, identification of customers,
16 amount or source of any income, profits, losses, or expenditures of any Party, the
17 disclosure of which information may have the effect of causing harm to the
18 competitive position of the Party from which the information was obtained; or (c) is
19 both relevant to the operations of a business entity and considered by that business
20 entity to be a Trade Secret, as defined by the Uniform Trade Secrets Act, including
21 information, records, data, intellectual property and documents (in any medium) but
22 excluding such that has been disclosed by the business entity to the public; and
23 shall include any summaries, copies, abstracts, or other documents derived in whole
24 or in part from Protected Information.

25     By designating a document, thing, material, testimony or other information
26 derived therefrom as "Protected," under the terms of this Order, the Party making
27 the designation is certifying to the Court that there is a good faith basis both in law
28 /////

and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(c).

4. Protected Information shall be used only for the purposes of prosecuting or defending this Litigation. Protected Information shall not be given, shown, made available, or communicated in any way to anyone except as specified in Paragraphs 5-9 herein.

5. Except by the prior written consent of the Producing Party, or by further Order of the Court after reasonable advance notice to the Producing Party's counsel, and subject to the other provisions of this Protective Order, Protected Information may not be disclosed in any manner to any person other than:

    a)    the parties to this Litigation, including their respective current officers, directors, partners, principals, employees, and contractors;

    b)    counsel to the parties to this Litigation;

    c)    paralegal, clerical, and support personnel employed or retained by counsel of record in this Litigation;

    d)    investigators, consultants, and experts (including their employees) retained by a party, subject to Paragraphs 6 and 7;

    e)    actual witnesses during the trial or any hearing in this Litigation or actual deponents during a deposition in this Litigation and their respective attorneys who are not otherwise encompassed within subparagraphs (a) or (d) above, subject to Paragraphs 6 and 7;

    f)    the Court and court personnel, including court reporters, stenographic reporters and independent videographers;

    g)    any other person or entity to whom counsel for the Producing Party agrees in writing, subject to Paragraphs 6 and 7.

6. All persons or entities to whom Protected Information is disclosed or by whom Protected Information is used, including parties, nonparties, and their representatives (as described in Paragraph 5 above), shall be provided a copy of this

Protective Order. In addition, before Protected Information is disclosed to any person or entity described in subparagraphs 5(d), (e), and (g), such person or entity shall be informed that:

    a)    such information is claimed to be Protected Information of the Producing Party;

    b)    such information is subject to this Protective Order; and

    c)    DISCLOSURE OF SUCH INFORMATION TO ANY PERSON OR ENTITY, EXCEPT AS PERMITTED BY THIS PROTECTIVE ORDER, MAY SUBJECT THE DISCLOSING PARTY TO LEGAL ACTION FOR CONTEMPT.

7.    No document containing Protected Information shall be left in the possession of persons described in Paragraph 5(e) without the written consent of the Producing Party. In addition, counsel shall obtain from any person or entity described in subparagraphs 5(d) and (g) herein a written acknowledgment, in the form of Exhibit A annexed hereto, that such person or entity has been provided and has reviewed a copy of this Protective Order and understands its effect. Any such signed acknowledgement shall be retained during the course of this Litigation by the counsel who obtained the acknowledgment.

8.    Disclosure of Protected Information shall be subject to all applicable laws and regulations, including the ARMS Export Control Act (Title 22, U.S.C. Section 2751 et seq.), Executive Order 12470, and the International Traffic in Arms Regulations (22 C.F.R. Chapter 1, Subchapter M Parts 120-130), relating to the export of technical data ("Export Control") contained in such Protected Information, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. For any such Export Control information and technical data identified by the Producing Party prior to production, the Producing Party and the Receiving Party agree to comply with such Export Control laws and regulations.

/////

9. Any Party receiving Protected Information agrees that such Protected Information will only be released or made available for review to persons that are (1) citizens of the United States, or (2) lawful permanent residents of the United States as defined by 8 U.S.C. 1101(a)(20) (i.e., "Green Card Holders"), or (3) "Protected Individuals" as defined by 8 U.S.C. 1324b(a)(3), or (4) a foreign national for whom a current and directly relevant license or approval has been obtained from the U.S. Department of State.

10. Designation of Protected Information shall be made in the following manner.

a) In the case of documents and written discovery responses, by affixing the legend "Protected Material – Do Not Release" to each page or .TIFF image containing Protected Material.

b) In the case of electronically stored information ("ESI") in any form (including data and metadata), by designating the ESI as "Protected" in a cover letter accompanying the production of the ESI. Where feasible, counsel for the supplying party will also mark the disc, tape or other electronic media on which the ESI is produced with the appropriate designation. If a party reduced Protected ESI to hardcopy form or .TIFF image format, it shall mark the hardcopy or each .TIFF image with the appropriate designation. Whenever any Protected ESI is copied, all copies shall be marked with the appropriate designation.

c) In the case of depositions, designation of any portion of any transcript (including exhibits) deemed to contain Protected Information shall be made by designating such portion as "Protected" on the record during the course of the deposition, and marking the relevant portion of the transcript as "Protected Subject to a Protective Order – Do Not Release" after the deposition. Additionally, the Producing Party may designate any portion of a deposition as "Protected" by so stating in writing within two weeks after receipt of the transcript, and marking the relevant portion of the transcript as "Protected Subject to a Protective Order – Do

Not Release." Until said two-week period has expired, all deposition transcripts shall be treated as Protected Information. After any such designation, only the portion of the transcript so designated shall be subject to the terms and provisions of this Protective Order. No person shall attend portions of depositions in which Protected Information is referred to unless such person is an authorized recipient of Protected Information specified in Paragraph 5 herein.

      d)     Deposition exhibits that are comprised of or which incorporate Protected Information and are marked as "Protected Subject to a Protective Order – Do Not Release" shall be treated as Protected without the necessity of any additional action being taken.

      e)     To maintain the confidentiality of any deposition testimony or exhibits designated as Protected Information in accordance with the terms of this Protective Order, the court reporter who transcribes the deposition testimony shall make reasonable arrangements and measures, which may include the marking of transcript pages, covers, or exhibits to indicate that Protected Information is contained therein. Any additional cost incurred as a result of marking the transcript pages, covers, or exhibits shall be the responsibility of the party requesting the marking.

      f)     In the event that any party seeks to file Protected Information as an exhibit to any motion or other paper in court, the filing party shall file a motion pursuant to Local Rule 79-5 requesting permission to file such an exhibit under seal.

      11.     The inadvertent failure of a Producing Party to designate documents or information as "Protected," including with regard to the production of documents or information made prior to the adoption of this Protective Order, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to specific documents or information disclosed or as to other related information

/////

1  which has been previously designated as "Protected," and the failure may be
2  corrected by supplemental written notice to all recipients.

3     12.   If, in good faith, a Receiving Party believes that documents designated
4  by a Producing Party as Protected Information do not contain materials subject to
5  protection, then the Receiving Party shall serve written notice upon the Producing
6  Party that the Receiving Party objects to their designation as Protected Information.
7  Such notice, which may be made at any time during or after the conclusion of this
8  Litigation, shall specifically identify the Protected Information to which the
9  Receiving Party objects. Thereafter, if the parties are unable to resolve their dispute
10 amicably, the Producing Party shall move for a Protective Order pursuant to Fed. R.
11 Civ. P. 26(c) within 30 days after the date of such notice or within such other time
12 as may be agreed to by the Parties. If a timely motion is not filed, the Producing
13 Party shall be deemed to have released its claim to confidential treatment as to the
14 materials that have been objected to, and such materials shall no longer be
15 Protected Information subject to this Protective Order. If a timely motion is filed,
16 after there is a ruling on such a motion, the documents at issue shall no longer be
17 Protected Information subject to this Protective Order, but shall be treated
18 consistent with the Court's ruling.

19     13.   The parties to this Protective Order and their counsel agree to comply
20 with the terms of this Protective Order and shall take all reasonable steps to ensure
21 that Protected Information shall not be disclosed in any manner except pursuant to
22 the terms of this Protective Order. The provisions relating to the confidential nature
23 of the Protected Information shall be binding upon all parties and witnesses bound
24 by this Order after the final termination of this Litigation until such Protected
25 Information is returned or destroyed pursuant to the terms of this Order.

26     14.   Except as provided in this Protective Order, Protected Information
27 shall not, without leave of the Court, be disclosed in any way to anyone other than
28 the Court, counsel for the parties in this Litigation (including in-house counsel), the

1  parties' technical personnel with whom counsel need to consult in connection with
2  the conduct of this Litigation, executives who are required to participate in policy
3  decisions with reference to this action, and necessary paralegal, litigation support or
4  clerical personnel in their employ. Protected Information and the information
5  contained therein shall be maintained in confidence and shall not be used or
6  revealed to anyone not authorized by the terms of this Protective Order, and shall
7  not be used except in connection with the trial or preparation for trial in this
8  Litigation, including any and all appeals taken therefrom.

9      15. If a Party files or presents to the Court any documents which contain
10 Protected Information (as distinguished from a mere reference to the Protected
11 Information), such materials shall be filed in sealed envelopes or other appropriate
12 sealed containers on which shall be endorsed the title of the action, a description of
13 the contents of the sealed container, the word "Confidential," and a statement
14 substantially in the following form:

> This envelope is sealed pursuant to order of the Court and contains confidential/ protected information filed in this case. It is not to be opened, and the contents hereof are not to be displayed or revealed to anyone other than the Court and court personnel except by order of the Court or pursuant to stipulation of the parties to this action.

19    This container shall not be opened without further order of the Court. In the
20 absence of a further order or stipulation to the contrary, the Protected Information
21 and summaries, abstracts, or excerpts of the Protected Information shall not become
22 part of the public record and may be reviewed by the Court only in camera. No
23 document shall be filed under seal without first complying with provisions
24 regarding same in Judge Marshall's Rules, including the securing of a court order
25 allowing the filing of a document under seal after first filing an application for
26 same.

27    An application to file a document under seal shall be served on opposing
28 counsel, and on the person or entity that has custody and control of the document, if

different from opposing counsel. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the Judge who will rule on the application to notify the Judge's staff that an opposition to the application will be filed. If an application to file a document under seal is granted by the Court, a redacted version of the document shall be e-filed. A Courtesy copy of the unredacted document shall be delivered to the Court's chambers.

16.   Deleted.

17.   Within 90 days of termination of this Litigation, including all available appeals, non-Federal parties shall return Protected Material, and any copies thereof, to the supplying Party or shall destroy the material and certify the date of their destruction.  This paragraph does not apply to notes, pleadings, depositions or other documents in which Protected Material is referred to or quoted, but only as to the Protected Material itself.  The parties acknowledge that laws or regulations applicable to the retention of federal records may restrict the extent to which the United States may return Protected Material.

18.   Following the conclusion of this action, upon the ex parte motion by any producing Party, the Court may return or destroy any Protected Information to the Party that produced said materials within thirty (30) days following the ex parte motion.

19.   The terms of this Protective Order regarding the return or destruction of Protected Information shall survive and remain in full force and effect until said materials are returned to counsel or destroyed as described herein. This court shall /////

retain jurisdiction of the obligations imposed by this Protective Order until such time as all Protected Information is hereby returned to counsel or destroyed.

20.   If any Party is required by process of law to produce documents marked "Protected," such as under the Freedom of Information Act (5 U.S.C. §

552), California Public Records Act (Government Code §§ 6250, *et seq.*), or other statute, law, regulation, or court order, the Receiving Party shall give prompt written notice of the receipt of such demand, subpoena or other legal process, or request to the Producing Party or its counsel.  Additionally, if the Receiving Party is served with a request pursuant to the Freedom of Information Act, 5 U.S.C. § 552, that seeks or encompasses Protected Information that was produced by the Producing Party, the Receiving Party shall, in accordance with 28 C.F.R. § 16.8, (a) provide the Producing Party with prompt notice of the request, (b) provide the Producing Party with the opportunity to object to disclosure,  and (c) provide the Producing Party with notice of intent to disclose if the Receiving Party decides to disclose the information over the Producing Party's objection.  The City agrees that if it receives a subpoena, court order, or request under the California Public Records Act seeking disclosure of any Protected Materials, the City will notify the Producing Party that has designated the material "Protected" of said subpoena, order or request.  The Producing Party will then have an opportunity to file appropriate proceedings to prevent the disclosure of the Protected Materials.  If such proceedings are timely instituted, the City agrees to withhold production of the Protected Materials pending such proceedings and will provide reasonable cooperation to the Producing Party in connection with such proceedings.  If the Producing Party has not initiated proceedings or otherwise obtained an extension of time prior to the deadline for compliance with the subpoena, order or request, the City may comply with its obligations under the subpoena, request or order.

21. By treating information or documents produced in this action as Protected Information, the Receiving Party shall not be deemed to have conceded that the information actually is confidential or to have otherwise waived any rights hereunder.

22. This Protective Order applies only to the handling of Protected Information, and nothing in this stipulation alters the rights and/or liabilities of the Parties with respect to this Litigation.

23. Information which is otherwise known or in the public domain shall not be rendered, or protected as, Protected Information by virtue of this Protective Order.

24. Procedures concerning the use and handling of Protected Information at trial are not addressed in this Protective Order but will be separately addressed by the Court.

**APPROVED AS TO FORM AND CONTENT:**

Dated: January 8, 2015

**U.S. DEPARTMENT OF JUSTICE**
**JOHN C. CRUDEN**
**ASSISTANT ATTORNEY GENERAL**

By: */s/ C. Scott Spear*
C. SCOTT SPEAR
MICHAEL C. MARTINEZ
SAMARA M. SPENCE
Attorneys for Defendant/Cross-Defendant
UNITED STATES DEPARTMENT OF THE NAVY

Dated: January 8, 2015

**DLA PIPER LLP (US)**

By: */s/ Michael S. Tracy*
MICHAEL S. TRACY
GEORGE GIGOUNAS
KIMBERLY S. HYDE
Attorneys for Defendant/Cross-Claimant
BAE SYSTEMS SAN DIEGO SHIP REPAIR, INC.

| | |
|---|---|
| Dated: January 8, 2015 | **MICHAEL N. FEUER**<br>**City Attorney**<br><br>By: /s/ *Kenneth F. Mattfeld*<br>KENNETH F. MATTFELD<br>Deputy Attorneys for Plaintiff and Counter-Defendant<br>CITY OF LOS ANGELES, acting by and through its Board of Harbor Commissioners |
| **IT IS SO ORDERED.** | |
| Dated: February 17, 2015 | *alicia G. Rosenberg*<br>The Honorable Alicia G. Rosenberg<br>United States Magistrate Judge |

**Exhibit A to Stipulated Protective Order**

*City of Los Angeles v. BAE Systems San Diego Ship Repair Inc., et al.,* Case No. 13-CV-8810-CBM (AGRx) I, _____, declare and say that:

1. I reside at _____. I am employed as [state position] _____ by [state name and address of employer] _____
_____
_____.

2. I have carefully read and understand the provisions of the Stipulated Protective Order ("Protective Order") entered in *City of Los Angeles v. BAE Systems San Diego Ship Repair Inc., et al.,* Case No. 13-CV-8810-CBM (AGRx) filed in United States District Court, Central District, and a copy of the Protective Order has been given to me.

3. I will comply with all of the provisions of the Protective Order.

4. I agree that I will not disclose or discuss such Protected material with anyone other than the persons described in the Protective Order.

5. I understand that any disclosure or use of Protected materials obtained from Protected Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of the Court's Order.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed this _____ day of _____, 201__.

_____
[signature of declarant]